# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

FILED
U.S. DISTRICT COURT

2007 FEB -1  A 9: 29

CLERK
S. DIST. OF GA.

| | | |
|---|---|---|
| LISA M. WOODS, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| GEORGIA PACIFIC CORPORATION, | : | |
| ANTHONY R. LEE, individually | | |
| and in his official capacity | : | |
| as Head Scaler for Georgia | | |
| Pacific Corp., PAUL D. FERRE, | : | |
| individually and in his | | |
| official Capacity as Area | : | |
| Procurement Manager for | | |
| Georgia Pacific Corp., and | : | |
| MICHAEL J. MAURER, | | |
| individually and in his | : | |
| official capacity as Regional | | |
| Human Resource Manager BP | : | |
| for Georgia Pacific Corp., | | |
| | : | |
| Defendants. | | NO. CV206-190 |

## O R D E R

Plaintiff, Lisa M. Woods, filed this employment discrimination action against Defendants, Georgia Pacific Corporation, Anthony Lee, Paul D. Ferre, and Michael J. Maurer. Presently before the court are several motions to dismiss filed by Defendants. The Court, having considered Woods' claims

AO 72A
(Rev. 8/82)

against these defendants and finding that she has failed, in part, to state a claim upon which relief can be granted, will **GRANT IN PART and DENY IN PART** Defendants' motions.

## FACTS

In her <u>pro se</u> complaint, Plaintiff alleges that she was subjected to repeated sexual harrassment by a coworker, Anthony Lee, and that her employer, Georgia Pacific Corporation, failed to do anything when advised of the alleged harassment.

Plaintiff has also named her supervisor, Paul D. Ferre, and Michael J. Maurer, the Regional Human Resource Manager involved in investigating her complaints, as defendants. Plaintiff alleges that these defendants intentionally inflicted emotional distress by permitting Lee's humiliating and menacing comments, failing to take prompt remedial action to end the alleged harassment, and causing adverse working conditions all in an outrageous manner which resulted in substantial emotional injury to Plaintiff.

On October 30, 2006, Defendants, Ferre and Maurer, filed a motion to dismiss this action for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff's response was due no later than November 14, 2006.

2

Defendant, Lee, similarly, filed a motion to dismiss on November 27, 2006. Plaintiff's response to Lee's motion, due no later than December 12, 2006, was filed on January 12, 2007. On the same date, Plaintiff filed a motion for leave to appear pro hac vice for Alan Taylor which the Court granted on January 16, 2007.

On January 4, 2007, Defendants filed a motion to dismiss for failure to prosecute. Specifically, Defendants argue that the action should be dismissed because Plaintiff has failed to comply with the Court's General Order and Defendants' attempts to confer regarding a proposed discovery plan. Plaintiff has failed to respond to the motions to dismiss of Defendants, Ferre, Maurer and Lee, and Plaintiff has failed to notify the Court of her change of address.

## DISCUSSION

### I.   Standard of Review

A motion to dismiss does not test whether the plaintiff will prevail on the merits of the case. Rather, it tests the legal sufficiency of the complaint. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Therefore, the court must accept as true all facts alleged in the

3

complaint and construe all reasonable inferences in the light most favorable to the plaintiffs. <u>Glover v. Liggett Group, Inc.</u>, 459 F.3d 1304, 1308 (11th Cir.), <u>reh'g</u> & <u>reh'g en banc denied</u>, – F.3d – (2006). A motion to dismiss should not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Official Comm. of Unsecured Creditors of PSA, Inc. v. Edwards</u>, 437 F.3d 1145, 1149 (11th Cir. 2006), <u>cert. denied</u>, 127 S.Ct. 45, 166 L.Ed.2d 19 (2006) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101, 2 L.Ed.2d 80 (1957)).

To survive motion to dismiss for failure to state claim, however, a plaintiff need not set forth all facts upon which her claim is based. Rather, a short and plain statement of the claim is sufficient if it gives defendant fair notice of what the claim is and the grounds upon which it rests. Fed. R. Civ. P. 8(a); <u>Harris v. Procter & Gamble Cellulose Co.</u>, 73 F.3d 321 (11th Cir. 1996) (citing <u>Mann v. Adams Realty Co., Inc.</u>, 556 F.2d 288, 293 (5th Cir. 1977)). When, however, on the basis of a dispositive issue of law, no construction of the factual allegations of the complaint will support the cause of action, dismissal of the complaint is appropriate. <u>See</u> <u>Executive 100,</u>

4

Inc. v. Martin County, 922 F.2d 1536 (11th Cir.), cert. denied,

U.S. 810, 112 S. Ct. 55, 116 L.Ed.2d 32 (1991).

## II.   Failure to Prosecute

A district court is authorized, on defendant's motion, to dismiss an action for failure to prosecute or to obey a court order or federal rule.   Fed. R. Civ. P. 41(b); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) (holding that district court's power to dismiss action under Rule 41(b) for failure to obey court order is inherent aspect of its authority to enforce its orders).   This Circuit has clearly stated that because dismissal is considered a drastic sanction, a district court may only implement it when: (1) a party engages in a clear pattern of delay or willful contempt; and (2) the district court specifically finds that lesser sanctions would not suffice.   Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337-38 (11th Cir. 2005) (quoting World Thrust Films, Inc. v. Int'l Family Entm't, Inc., 41 F.3d 1454, 1456 (11th Cir. 1995)).

The Court concludes that Plaintiff's conduct fails to demonstrate a clear record of delay or willful contempt. Plaintiff's response to Ferre and Maurer's motion to dismiss

5

was due no later than November 14, 2006.  Plaintiff's response
to Lee's motion to dismiss was due no later than December 12,
2006.   On January 12, 2007, Plaintiff filed responses to
Defendants' motions.   On the same date, Plaintiff filed a
motion for leave to appear pro hac vice for Alan Taylor, which
the Court granted on January 16, 2007.  In light of Plaintiff's
retention of counsel during the period of delay, such delay
fails to demonstrate the requisite pattern of delay or willful
contempt necessary to warrant dismissal.  See Kilgo v. Ricks,
983 F.2d 189, 192-93 ("mere delay will not suffice" and "simple
negligence does not warrant dismissal") (citations omitted).


**III.      Individual Liability Under Title VII**

In  addition  to  naming  her  employer,  Georgia  Pacific
Corporation,  Plaintiff  has  named  the  alleged  individual
harrasser and individual members of management as defendants
in this action.   In the Eleventh Circuit, the relief granted
under Title VII is against the employer, not against individual
employees whose actions would constitute a violation of Title
VII.   Dearth v. Collins, 441 F.3d 931, 933 (11th Cir.), cert.
denied, 127 S.Ct. 153, 166 L.Ed.2d 37 (2006); Hinson v. Clinch
County Bd. of Educ., 231 F.3d 821, 827 (11th Cir. 2000); Busby

AO 72A
(Rev. 8/82)

v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991).  As a result, agents are not subject to liability in their individual capacity under Title VII.  Further, when the employer is a named defendant, naming additional individual defendants in their official capacity would be "redundant and possibly confusing to the jury."  See Busby, 931 F.2d at 776 (affirming dismissal of defendants in their official capacity in section 1983 claim).  Thus, to the extent that Plaintiff asserts Title VII claims against Defendants, Lee, Ferre and Maurer, the claims should be dismissed.

## IV.  Intentional Infliction of Emotional Distress

### A.  Extreme and Outrageous Conduct

To plead properly an intentional infliction of emotional distress claim under Georgia law, a plaintiff must set forth facts that, if proven, establish the following four elements: (1) the conduct must be intentional or reckless; (2) the conduct must be extreme and outrageous; (3) there must be a causal connection between the wrongful conduct and the emotional distress; and (4) the emotional distress must be severe.  Bartholomew v. AGL Resources, Inc., 361 F.3d 1333, 1339 (11th Cir. 2004) (citations and punctuation omitted);

Trimble v. Circuit City Stores Inc., 220 Ga.App. 498, 499, 469
S.E.2d 776, 778 (1996) (citation omitted).  In order to meet
the  second  element,  the  plaintiff  must  show  that  the
defendants' behavior was so extreme or outrageous that "'no
reasonable man could be expected to endure it.'"  Hammer v.
Slater, 20 F.3d 1137, 1144 (11th Cir. 1994) (quoting Bridges
v. Winn-Dixie Atlanta, Inc., 176 Ga. App. 227, 230, 335 S.E.2d
445,  448  (1985)).   The  existence  of  a  special  relationship
between  the  actor  and  victim,  such  as  that  of  employer  to
employee, may make otherwise non-egregious conduct outrageous.
Trimble, 220 Ga. App. at 499, 469 S.E.2d at 778.  Defendants,
Lee,  Ferre  and  Maurer,  contend  that  Plaintiff  has  failed  to
establish  the  second  element  because  the  Complaint  does  not
include any factual allegations to support the contention that
Defendants' conduct was extreme and outrageous.

As previously noted, on a motion to dismiss, a short and
plain  statement  of  the  claim  is  sufficient  if  it  gives
defendant fair notice of what the claim is and the grounds upon
which it rests.  Fed. R. Civ. P. 8(a); Harris, 73 F.3d at 321.
Plaintiff alleges that Defendant, Lee, made humiliating and
threatening  sexual  and  racial  comments  about  and  to  her,
resulting in substantial emotional injuries.  Plaintiff further

8

alleges that Defendants, Ferre and Maurer, intentionally inflicted emotional distress by permitting Lee's humiliating and menacing comments, failing to take prompt remedial action to end the alleged harassment, and causing adverse working conditions, all in an outrageous manner which resulted in substantial emotional injury to Plaintiff. The Court concludes that Plaintiff's complaint sets forth sufficient factual allegations to state a claim under Georgia law for intentional infliction of emotional distress.

**B.   Worker's Compensation Act Preemption**

Defendant, Lee, further argues that Plaintiff's claims for intentional infliction of emotional distress are barred by the exclusivity provisions of Georgia's Workers' Compensation Act. O.C.G.A. § 34-9-11(a) provides, in pertinent part, that "[t]he rights and the remedies granted to an employee by this chapter shall exclude all other rights and remedies of such employee, . . . at common law or otherwise, on account of . . . injury . . . .." O.C.G.A. § 34-9-1(4) provides the following definition of injury: "'Injury' or 'personal injury' means only injury by accident arising out of and in the course of the employment . . .." Thus, to be compensable under Georgia law, the injury

9

must be a physical injury or harm.  <u>Miraliakbari v. Pennicooke</u>,
254 Ga.App. 156, 156-57, 561 S.E.2d 483, 485-86 (2002).  It is
undisputed that the only injury involved in this case is a
non-physical   one.       Therefore,   Plaintiff's   intentional
infliction of emotional distress claims are not barred by the
exclusivity provisions of Georgia's Workers' Compensation Act.

## CONCLUSION

The Court has considered the positions of all parties to
this action.  For the foregoing reasons, the motion to dismiss
of Defendants, Georgia Pacific Corporation, Lee, Ferre, and
Maurer, (Doc. No. 16) is **DENIED**.  The motions to dismiss of
Defendants, Lee, Ferre and Maurer, (Doc. No. 8 & Doc. No. 10)
are **GRANTED IN PART and DENIED IN PART**.

Plaintiff's Title VII claims against Defendants, Lee,
Ferre and Maurer, are **DISMISSED WITH PREJUDICE**.  The motions
to dismiss of Defendants, Lee, Ferre and Maurer, Plaintiff's
intentional infliction of emotional distress claims are **DENIED**.

**SO ORDERED**, this _____31_____ day of January, 2007.


_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

10